UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA
_____

IN RE:

                                                    CHAPTER 7

E151 Minnesota, Inc.                        CASE NO 09-48229-RJK

       Debtor.
_____

**NOTICE OF HEARING AND APPLICATION FOR ORDER DIRECTING SNYDER'S DRUG STORES (2009), INC., AND RELATED PARTIES TO APPEAR FOR RULE 2004 EXAMINATION**
_____

TO:    Debtor and other parties-in-interest specified in Local Rule 9013-4(c).

      PLEASE TAKE NOTICE that The Court will hold a hearing on this application on June 30, 2010 at 9:30 a.m. or as soon thereafter as counsel may be heard, before the Honorable Robert J. Kressel, Courtroom 8 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

      Any response to this Application must be filed and served not later than June 25, 2010, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A WRITTEN RESPONSE IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

      1.    Timothy D. Moratzka ("Movant") is the duly appointed trustee in the above captioned bankruptcy case.

      2.    This court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1157 and 1334, Fed.R.Bankr.P. 5005 ("Bankruptcy rule 5005") and Local Rule 1070-1. This proceeding is a core proceeding. An involuntary petition commencing this Chapter 7 case was

1

filed on December 3, 2009.  The order for relief was filed on December 29, 2009.  The case is now pending in this Court.

  3. This Application arises under Federal Rule of Bankruptcy Procedure 2004 and Local Rule 2004-1.  This Application is filed under Federal Rule of Bankruptcy Procedure 9014 and Local Rule 9013-4.

  4. Trustee requests entry of an order pursuant to Federal Rules of Bankruptcy Procedure 2004 authorizing him to examine and/or serve document requests on the following persons:

   (a) Snyder's Drug Stores (2009), Inc., a Minnesota Corporation ("New Snyder's")
   (b) Neal Wahlman, Vice President of Finance and Secretary of Snyder's Drug Stores, Inc.
   (c) M. David Schwartz, President of Snyder's Drug Stores, Inc.
   (d) John D. Karvellas, authorized office of Snyder's Drug Stores (2009)
   (e) Daryl Katz, sole director of E151 and New Snyder's (2009)
   (f) Katz Funding (Minnesota), Inc. ("Katz Funding")
   (g) Snyder's Holdings, Inc. (A Minnesota Corporation)

## **FACTS**

  5. The Debtor's first meeting of creditors (the "341 Meeting") was held on May 11, 2010.  Through this meeting and further informal investigation, the Trustee believes the following facts are alleged by the Debtor'

  6. On or about January 1, 2009, Old Snyder's became insolvent with its largest creditors as follows:

- McKesson, $47,516,084
- CIT, $54,489,938
- Katz Funding, $68,386,787

  7. On or about January 5, 2009, New Snyder's was formed by Snyder's Holdings and Katz Funding.

8. On or about January 22, 2009, Old Snyder's requested consent for lease assignments.

9. On or about January 31, 2009, twenty-six (26) performing stores transferred from Old Snyder's to New Snyder's. A transfer was directed by Snyder's Holdings and Katz Funding. New Snyder's guaranteed CIT debt and assumed McKesson's and Katz Funding's debt.

10. On or about February 4, 2009, Old Snyder's sent lease termination letters to its landlords for its poorer performing stores.

11. On or about April 9, 2009, Old Snyder's changed its name to E151 Minnesota, Inc.

12. Subsequently, New Snyder's sold all its assets to Walgreens for an unknown amount.

13. At the recent 341 Meeting, Neal Wahlman, an officer of New Snyder's, testified to knowing details surrounding those transactions, but was instructed by counsel not to answer any questions regarding the transactions at the 341 Meeting.

## **RELIEF SOUGHT**

14. The trustee makes this Application because the Rule 2004 Examinations will provide additional information relevant to determining whether to seek recovery of assets or a judgment in their amount transferred by Debtor to New Snyder's, and then to Walgreens. Through Rule 2004 Examinations, Trustee intends to conduct additional investigation into the following events:

    (a) Sale of assets by the Debtor to New Snyder's; and
    (b) Sale of assets by New Snyder's to Walgreens.

**WHEREFORE,** the Applicant respectfully requests the Court enter an Order:

1. Authorizing the following to take the Rule 2004 Examination of and obtain documents from Third Parties; and

2. Granting such other relief as may be just and equitable.

DATED: June 8, 2010                                     MACKALL, CROUNSE & MOORE, PLC

                                                                  By/e/ Mychal A. Bruggeman
                                                                  Mychal Bruggeman (#0345489
                                                                  Timothy D. Moratzka (#75036)
                                                                  Attorneys for Trustee
                                                                  1400 AT&T Tower
                                                                  901 Marquette Ave
                                                                  Minneapolis, MN  55402
                                                                  (612) 305-1400

## **VERIFICATION**

I, Timothy D. Moratzka, declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on:  June 8, 2010               Signed: /e/Timothy D. Moratzka
                                                Timothy D. Moratzka

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

IN RE:

E151 Minnesota, Inc.

    Debtor.

CHAPTER 7
CASE NO 09-48229-RJK

---

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR RULE 2004 EXAMINATION OF SNYDER'S DRUG STORES (2009), INC., AND RELATED PARTIES**

---

Trustee, Timothy D. Moratzka, submits this Memorandum of Law in Support of his Application for Rule 2004 Examinations of Snyder's Drug Stores (2009), Inc., and related parties.

## FACTS

The facts as set forth in the Application are incorporated herein by reference.

## ARGUMENT

A Rule 2004 examination of any entity is permissible where the examination relates to "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge. . . ." Fed. R. Bankr. P. 2004(b); *see also In re Rosenberg*, 303 B.R. 172, 175 (8th Cir. B.A.P. 2004). The scope of a Rule 2004 examination is unfettered and broad. *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983). Indeed, the rule itself is peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rule of Civil Procedure does. *Id.*

1

Here, the trustee seeks to conduct 2004 examinations and conduct document inspections of the following entities with knowledge of particular areas of confusion related to Debtor's financial condition. Specifically, Trustee wishes to further investigate the facts surrounding: (1) the Debtor's sale of substantially all of its assets to New Snyder's and; (2) the subsequent New Snyder's sale of substantially all of its assets to Walgreens. The Trustee intends to obtain documents and/or seek testimony from the following individuals and/or entities:

(a) Snyder's Drug Stores (2009), Inc., a Minnesota Corporation ("New Snyder's")
(b) Neal Wahlman, Vice President of Finance and Secretary of Snyder's Drug Stores, Inc.
(c) M. David Schwartz, President of Snyder's Drug Stores, Inc.
(d) John D. Karvellas, authorized office of Snyder's Drug Stores (2009)
(e) Daryl Katz, sole director of E151 and New Snyder's (2009)
(f) Katz Funding (Minnesota), Inc. ("Katz Funding")
(g) Snyder's Holdings, Inc. (A Minnesota Corporation)

The information sought is relevant to establish whether Debtor committed fraudulent transfers or whether its officers breached fiduciary duties. The Court should permit Trustee to pursue this additional investigation through the proposed series of 2004 Examinations.

## **CONCLUSION**

For all the reasons set forth herein, Trustee is entitled to an Order to take the Rule 2004 examination of and obtain documents from Third Parties.

DATED: June 8, 2010                                  MACKALL, CROUNSE & MOORE, PLC

                                                     By /e/ Mychal A. Bruggeman
                                                         Mychal A. Bruggeman (Atty No. 0345489)
                                                         Timothy D. Moratzka
                                                         *Attorneys for Trustee*
                                                         1400 AT&T Tower
                                                         901 Marquette Avenue
                                                         Minneapolis, MN  55402
                                                         (612) 305-1478

2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

IN RE:

E151 Minnesota, Inc.

      Debtor.

CHAPTER 7
CASE NO 09-48229-RJK

UNSWORN DECLARATION FOR PROOF OF SERVICE

      Jinah E. Finnes      , employed by Mackall, Crounse & Moore, attorney(s) licensed to practice law in this court, with office address of 1400 AT&T Tower, 901 Marquette Avenue, Minneapolis, MN 55402-2859, declares that on the date set forth below, caused the following documents:

NOTICE OF HEARING AND APPLICATION FOR ORDER DIRECTING SNYDER'S DRUG STORES (2009), INC. AND RELATED PARTES TO APPEAR FOR RULE 2004 EXAMINATION

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

- Kurt M. Anderson    kmalaw-service@qwestoffice.net, kmalaw-service@sprynet.com;kmalaw@qwestoffice.net
- Mychal A. Bruggeman    mab@mcmlaw.com, tmoratzka@ecf.epiqsystems.com;ldj@mcmlaw.com;mcm_trustee@mcmlaw.com;jef@mcmlaw.com
- Colin F Dougherty    cdougherty@faegre.com
- Stephen M Harris    sharris@meyernjus.com
- Fredrikson & Byron PA Matthews    ematthews@fredlaw.com
- Kent D. Mattson    t.chaput@pemlaw.com
- John R. McDonald    jmcdonald@briggs.com, mjacobson@briggs.com
- Timothy D Moratzka    mcm_trustee@mcmlaw.com, tmoratzka@ecf.epiqsystems.com;ldj@mcmlaw.com
- Timothy D. Moratzka    tdm@mcmlaw.com, ldj@mcmlaw.com
- David A. Orenstein    david.orenstein@btlaw.com, linda.peterson@btlaw.com
- Marcus A Ploeger    mploeger@briggs.com
- Jacob B. Sellers    jsellers@winthrop.com, jahlers@winthrop.com;tcooke@winthrop.com
- Jeffrey D. Smith    jsmith@lindquist.com, ddavis@lindquist.com
- Patrick C Summers    pcs@mcmlaw.com, kkl@mcmlaw.com
- Mark H Thieroff    markthieroff@sbgdf.com, gabriellehelmbrecht@sbgdf.com
- US Trustee    ustpregion12.mn.ecf@usdoj.gov

I further certify that I caused a copy of the foregoing documents and the notice of electronic filing to be mailed by first class mail, postage paid, to the following non-ECF participants:

| | |
|---|---|
| BRADLEY A COSMAN<br>SQUIRE SANDERS & DEMPSEY<br>40 N CENTRAL AVE, STE 2700<br>PHOENIX, AZ 85004 | E151 MINNESOTA, INC.<br>PO BOX 41878<br>PLYMOUTH, MN 55441 |
| ENGLESMA LIMITED PARTNERSHIP<br>C/O EDWARD T MATTHEWS ESQ<br>200 S 6TH ST, STE 4000<br>MINNEAPOLIS, MN 55402 | INLAND REAL ESTATE CORPORATION<br>C/O MARK VYVYAN, ESQ.<br>200 S SIXTH ST , STE 4000<br>MINNEAPOLIS, MN 55402 |
| DARRELL KOEHLINGER<br>ADYME LLC<br>2925 DEAN PKWY, STE 300<br>MINNEAPOLIS, MN 55416 | JAMES M NJUS<br>MEYER & NJUS PA<br>200 S 6TH ST STE, 1100<br>MINNEAPOLIS, MN 55402 |
| PHILIP OLISS<br>SQUIRES SANDERS & DEMPSEY LLP<br>4900 KEY TOWER<br>127 PUBLIC SQUARE<br>CLEVELAND, OH 44114 | JOSEPH G SPRINGER<br>900 2ND AVE S, RM 1100<br>MINNEAPOLIS, MN 55402 |
| JEFFREY D. SMITH<br>LINDQUIST & VENNUM<br>4200 IDS CTR<br>80 S 8TH ST<br>MINNEAPOLIS, MN 55402 | SNYDER'S DRUG STORES (2009), INC.<br>CT CORPORATION SYSTEM<br>100 S 5TH ST<br>MINNEAPOLIS, MN 55402-1265 |
| NEAL WAHLMAN<br>SNYDER'S DRUG STORES<br>PO BOX 41878<br>PLYMOUTH, MN 55441 | M. DAVID SCHWARTZ<br>2772 N 136TH DR<br>GOODYEAR, AZ 85395 |
| JOHN D. KARVELLAS<br>1702 BELL TOWER<br>10104 103RD AVE<br>EDMONTON, ALBERTA, CANADA<br>T5J 0H8 | DARYL KATZ<br>1702 BELL TOWER<br>10104 103RD AVE<br>EDMONTON, ALBERTA, CANADA<br>T5J 0H8 |
| KATZ FUNDING, INC.<br>C/O MARCUS A. PLOEGER<br>BRIGGS AND MORGAN, P.A.<br>2200 IDS CTR<br>80 S 8TH ST<br>MINNEAPOLIS, MN 55402 | KATZ FUNDING, INC.<br>C/O JOHN R. MCDONALD<br>BRIGGS AND MORGAN, P.A.<br>2200 IDS CTR<br>80 S8TH ST<br>MINNEAPOLIS, MN 55402 |

2

SNYDER'S HOLDINGS, INC.
CT CORPORATION SYSTEM
100 S 5TH ST
MINNEAPOLIS, MN 55402-1265

And I declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  June 8, 2010                             Signed: /e/ Jinah E. Finnes

1250422.1-MAB

3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

IN RE:

                                                   CHAPTER 7

E151 Minnsota, Inc.                        CASE NO 09-48229-RJK

      Debtor.

_____

**ORDER DIRECTING SNYDER'S DRUG STORES (2009), INC., AND RELATED PARTIES TO APPEAR FOR EXAMINATION**
_____

This matter came before the court on the application of the trustee to allow him to conduction an examination pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "Application").

Based upon the application and the file:

**IT IS ORDERD**,

1.      The application is granted.

2.      Pursuant to Federal Rule of Bankruptcy Procedure 2004, the trustee is authorized to examine and request documents including by service of subpoenas from the following parties:

    (a)     Snyder's Drug Stores (2009), Inc., a Minnesota Corporation ("New Snyder's")
    (b)     Neal Wahlman, Vice President of Finance and Secretary of Snyder's Drug Stores, Inc.
    (c)     M. David Schwartz, President of Snyder's Drug Stores, Inc.
    (d)     John D. Karvellas, authorized office of Snyder's Drug Stores (2009)
    (e)     Daryl Katz, sole director of E151 and New Snyder's (2009)
    (f)     Katz Funding (Minnesota), Inc. ("Katz Funding")
    (g)     Snyder's Holdings, Inc. (A Minnesota Corporation)

DATED: _____

                                               _____
                                               Robert J. Kressel
                                               United States Bankruptcy Judge